■ RICHARD DEFINO, Appellant, v INTERLAKEN OWNERS, INC., Respondent. [4 NYS3d 89]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered December 23, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell while descending a staircase in the common area of his apartment building, thereby sustaining injuries. The plaintiff thereafter commenced this action against the defendant, Interlaken Owners, Inc., the owner of the property, to recover damages for personal injuries. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

A defendant moving for summary judgment dismissing a complaint in a slip-and-fall action can meet its initial burden as the movant simply by demonstrating that the plaintiff did not know what caused him or her to fall (*see Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]). In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d 701 [2014]; *Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d at 964; *Dennis v Lakhani*, 102 AD3d at 652).

The defendant established its prima facie entitlement to judgment as a matter of law by submitting a transcript of the

deposition testimony of the plaintiff, in which he admitted that he did not know whether, at the time of his accident, there was any water on the step upon which he slipped, and did not otherwise identify the cause of the accident.

In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's wife, in which she stated that the plaintiff's fall was caused by a puddle of water that she observed on the step in question at 11:00 a.m. on the date of the accident, or approximately six hours prior to the accident, did not raise a triable issue of fact. The plaintiff's wife did not witness the alleged incident and, therefore, her conclusion that, at 5:00 p.m., the plaintiff slipped on a puddle of water that she observed that morning, was based purely on speculation (*see DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d at 702; *Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d at 964; *Dennis v Lakhani*, 102 AD3d at 652).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, the defendant's remaining contention has been rendered academic. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.