■ Rose Amico, Respondent, v Riza Kasneci et al., Appellants. [20 NYS3d 908]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated October 30, 2014, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

In a slip-and-fall case, a plaintiff's inability to identify the cause of his or her fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation

(*see Ash v City of New York*, 109 AD3d 854, 855 [2013]; *Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286 [2011]; *Rajwan v 109-23 Owners Corp.*, 82 AD3d 1199, 1200 [2011]). Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident. However, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action (*see Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]; *Costantino v Webel*, 57 AD3d 472 [2008]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony, which demonstrated that the plaintiff did not know what had caused her to fall (*see Ash v City of New York*, 109 AD3d 854 [2013]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]; *Louman v Town of Greenburgh*, 60 AD3d 915 [2009]; *Karwowski v New York City Tr. Auth.*, 44 AD3d 826 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact as to the cause of the accident. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.