◼ LOLITA DINDIYAL, Respondent, v ASHA DINDIYAL, Appellant, et al., Defendant. [53 NYS3d 136]—

In an action for a judgment declaring that the plaintiff is the sole beneficiary of a life insurance policy, the defendant Asha Dindiyal appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered August 12, 2015, which granted the plaintiff's motion for summary judgment declaring that she is the sole beneficiary of the subject life insurance policy.

Ordered that the order is affirmed, with costs, and the mat-
ter is remitted to the Supreme Court, Nassau County, for the
entry of a judgment declaring that the plaintiff is the sole ben-
eficiary of the subject life insurance policy.

The plaintiff is the sister of Dasrat Dindiyal. The defendant
Asha Dindiyal (hereinafter the defendant) is the former wife of
Dasrat. In 2006, Dasrat commenced an action for a divorce and
ancillary relief against the defendant. On April 20, 2007, while
the divorce action was pending, Dasrat changed the beneficiary
of a life insurance policy issued by the Prudential Life Insur-
ance Company of America (hereinafter the Prudential policy)
he maintained from the defendant to the plaintiff. On August
12, 2008, Dasrat and the defendant entered into a stipulation
of settlement with regard to their marital estate. The Pruden-
tial policy was not mentioned in the stipulation of settlement.
Dasrat died on September 24, 2008, before a judgment of
divorce was entered.

The plaintiff commenced this action for a judgment declaring
that she is the sole beneficiary of the Prudential policy. After
issue was joined, the plaintiff moved for summary judgment
declaring that she is the sole beneficiary of the Prudential
policy. The Supreme Court granted the motion, and the defend-
ant appeals.

The plaintiff established her prima facie entitlement to judg-
ment as a matter of law by demonstrating that the April 20,
2007, change to the Prudential policy designated her as the
sole beneficiary. In opposition, the defendant failed to raise a
triable issue of fact. As the Supreme Court noted, no provision
was made in the stipulation of settlement giving the defendant
any rights with regard to the Prudential policy (*cf. Rogers v
Rogers*, 63 NY2d 582, 586-587 [1984]; *Simonds v Simonds*, 45
NY2d 233, 239 [1978]). The stipulation of settlement provided
that each party made an "independent inquiry into the
complete financial circumstances of the other and is fully
informed of the income, assets, property and financial prospects
of the other," that they "divided, to their mutual satisfaction,"
their assets, and that they "irrevocably waive[d] any and all
claims or rights in or to any accounts or assets held by the
other, except as specifically set forth" in the stipulation of
settlement. Accordingly, the defendant derived no right to the
proceeds of the Prudential policy under the stipulation of settle-
ment. The defendant's allegation that Dasrat did not cause the
change in beneficiary, but that the change was done without
his knowledge, is based on pure speculation. To the extent that
the affidavit of Sohan Lal, who is related by marriage to the

defendant, recounted an alleged statement that Dasrat made to him regarding whether Dasrat distrusted the plaintiff, it constituted hearsay. While hearsay statements may be used for the purpose of opposing a motion for summary judgment, so long as they are not the only evidence submitted to raise a triable issue of fact (*see Pontes v F&S Contr., LLC*, 146 AD3d 829, 830 [2017]), the content of Lal's affidavit was insufficient to raise an issue of fact as to whether Dasrat made the change of beneficiary on the Prudential policy in April 2007.

The defendant's remaining contentions are without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is the sole beneficiary of the Prudential policy (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.