Lee v International Preschools (2019 NY Slip Op 02149)





Lee v International Preschools


2019 NY Slip Op 02149


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-11239
 (Index No. 508977/15)

[*1]Young Jae Lee, appellant, 
v
International Preschools, respondent, et al., defendant.


Andrew Park, P.C., New York, NY (Steve J. Park of counsel), for appellant.
Malapero Prisco & Klauber LLP, New York, NY (Cynthia P. Camacho of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated September 7, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant International Preschools which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In the afternoon of November 7, 2013, the plaintiff fell as she was walking on a mat on the floor of a lobby in a preschool in Manhattan. The plaintiff then commenced this personal injury action against the defendant International Preschools (hereinafter the defendant) and another defendant. The defendant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that the plaintiff did not know what had caused her to fall and that it maintained the premises in a reasonably safe condition. The Supreme Court granted the motion, and the plaintiff appeals.
"To impose liability upon the . . . defendant[] for the plaintiff's injuries, there must be evidence showing the existence of a dangerous or defective condition, and that the . . . defendant[] either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time" (Kudrina v 82-04 Lefferts Tenants Corp., 110 AD3d 963, 964; see Davis v Sutton, 136 AD3d 731, 732-733; Valdez v Aramark Servs., Inc., 23 AD3d 639). A defendant moving for summary judgment dismissing a complaint in a slip-and-fall action can meet its initial burden as the movant by demonstrating that the plaintiff did not know what caused him or her to fall (see Defino v Interlaken Owners, Inc., 125 AD3d 717; Trapani v Yonkers Racing Corp., 124 AD3d 628, 629). In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see DiLorenzo v S.I.J. Realty Co., LLC, 115 AD3d 701; Louman v Town of Greenburgh, 60 AD3d 915, 916).
Here, even if the plaintiff fell due to some defective condition of the mat, the defendant established, prima facie, that it did not create that condition or have actual or constructive [*2]notice of its existence (see Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913, 914; Robustelli v Westchester Towers Owners Corp., 128 AD3d 938, 939; Guzman v Jewish Bd. of Family & Children's Servs., Inc., 103 AD3d 776, 777; Kramer v SBR & C, 62 AD3d 667, 669). The plaintiff testified at her deposition that when she walked on the same mat on the morning of the incident and about ten minutes before the incident, she did not see or experience any problems with it. In addition, the defendant demonstrated that it did not receive any prior complaints about the mat. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court