Kontorinakis v 27-10 30th Realty, LLC (2019 NY Slip Op 03579)





Kontorinakis v 27-10 30th Realty, LLC


2019 NY Slip Op 03579


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2018-00411
 (Index No. 14611/14)

[*1]Maria Kontorinakis, etc., appellant, 
v
27-10 30th Realty, LLC, et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellant.
Margaret G. Klein (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered November 6, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On August 31, 2014, at approximately 10 a.m., Theodore Zervos (hereinafter the decedent) was walking on the sidewalk abutting a residential apartment building owned by the defendant 27-10 30th Realty, LLC, and managed by the defendant SW Management, LLC, when he allegedly tripped and fell on a raised portion of the sidewalk. He commenced this action against the defendants, and died shortly thereafter, from unrelated causes, before he could be deposed. Maria Kontorinakis was thereafter appointed administrator of the decedent's estate, and substituted as the plaintiff.
The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff could not identify the cause of the decedent's fall. In support of their motion, the defendants submitted the deposition testimony of the plaintiff as to her conversations with the decedent wherein he claimed that he tripped and fell on a raised portion of the sidewalk and her own observations of the raised portion of the sidewalk, photographs of the sidewalk showing a raised portion, and the deposition testimony of the defendants' property manager, who could not recall
when the sidewalk was last inspected. The defendants contended that the plaintiff's deposition testimony concerning what the decedent told her as to how the accident occurred constituted inadmissible hearsay. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
"Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864 [internal quotation marks omitted]; see Ash v City of New York, 109 AD3d 854, 855). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based [*2]on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; see Mitgang v PJ Venture HG, LLC, 126 AD3d at 864; Ash v City of New York, 109 AD3d at 855).
The defendants failed to establish their prima facie entitlement to judgment as a matter of law by eliminating all triable issues of fact. They failed to demonstrate that the cause of the decedent's fall could not be established by admissible evidence, either direct or circumstantial (see Pol v Gjonbalaj, 125 AD3d 955; Cipriano v City of New York, 120 AD3d 738; Lee v City of New York, 40 AD3d 1048, 1049). While the defendants contend that the plaintiff's deposition testimony as to what the decedent told her as to how the accident occurred constituted inadmissible hearsay, hearsay may be considered on a motion for summary judgment so long as the hearsay evidence is not the only evidence of a triable issue of fact (see Dindiyal v Dindiyal, 149 AD3d 1035; Rodriguez v Sixth President, Inc., 4 AD3d 406). The defendants' submissions included the plaintiff's own deposition testimony concerning her personal observations of the location of the accident shortly after the event and photographs of the claimed defect. Thus, the defendants failed to carry their burden of demonstrating that the plaintiff could not establish, through direct or circumstantial evidence, that the decedent tripped and fell as the result of a defect in the sidewalk.
Further, since the defendants failed to submit evidence as to when they last inspected the sidewalk, they failed to establish lack of constructive notice of the allegedly defective condition of the sidewalk (see Hanney v White Plains Galleria, LP, 157 AD3d 660, 662; Pryzywalny v New York City Tr. Auth., 69 AD3d 598).
In view of the foregoing, this Court need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Junger v John v Dinan Assoc., Inc., 164 AD3d 1428).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court