Von Euw v Frisco, LLC (2020 NY Slip Op 03944)





Von Euw v Frisco, LLC


2020 NY Slip Op 03944


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-00526
 (Index No. 2217/16)

[*1]Barbara Von Euw, appellant, 
v
Frisco, LLC, et al., respondents.


Buttafuoco & Associates, PLLC, Woodbury, NY (Ellen Buchholz of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Lawrence Lambert and Todd Weisman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered November 27, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On the evening of January 2, 2014, the plaintiff allegedly slipped and fell inside a restaurant in Nassau County. The restaurant was operated by the defendant Jackson Roadhouse, LLC, which leased the premises from the defendant Frisco, LLC. The plaintiff subsequently commenced this personal injury action against the defendants. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
A defendant moving for summary judgment dismissing a complaint in a slip-and-fall action can meet its initial burden as the movant by demonstrating that the plaintiff did not know what caused him or her to fall (see Defino v Interlaken Owners, Inc., 125 AD3d 717; Kudrina v 82-04 Lefferts Tenants Corp., 110 AD3d 963). In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Rodriguez v New York Hous. Auth., 169 AD3d 947, 948-949; DiLorenzo v S.I.J. Realty Co., LLC, 115 AD3d 701, 702; Louman v Town of Greenburgh, 60 AD3d 915, 916).
In support of their motion, the defendants submitted, inter alia, a transcript of the plaintiff's deposition testimony, which demonstrated that the plaintiff could not identify the cause of her fall without engaging in speculation (see Goldberg v Village of Mount Kisco, 125 AD3d 929, 930; McFadden v 726 Liberty Corp., 89 AD3d 1067, 1068; Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court