Manavazian v Pietromonaco (2020 NY Slip Op 06518)





Manavazian v Pietromonaco


2020 NY Slip Op 06518


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-05908
 (Index No. 713911/16)

[*1]Jacqueline Manavazian, appellant, 
v
Antonio Pietromonaco, defendant, Domenica Pietromonaco, respondent.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered April 16, 2019. The order granted the motion of the defendant Domenica Pietromonaco for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained on October 9, 2016, when she slipped and fell in the basement kitchen of her residence. The defendant Domenica Pietromonaco (hereinafter the defendant), who owned the premises, moved for summary judgment dismissing the complaint, contending that the plaintiff did not know what had caused her to fall. The Supreme Court granted the defendant's motion. The plaintiff appeals.
A defendant in a slip-and-fall case may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation (see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948-949; Defino v Interlaken Owners, Inc., 125 AD3d 717). "Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident. However, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (Amico v Kasneci, 134 AD3d 969, 970; see Lou v Town of Greenburgh, 60 AD3d 915, 916).
Here, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting, inter alia, the deposition testimony of the plaintiff, who testified that she did not know what had caused her to fall (see Rodriguez v New York City Hous. Auth., 169 AD3d at 948-949; Amisco v Kasuneci, 134 AD3d at 970; Defino v Interlaken Owners, Inc., 125 AD3d at 717-718; Deputron v A & J Tours Inc., 106 AD3d 944, 495). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the Supreme Court properly declined to consider the affidavit of her husband in determining the motion, since he was not identified as a relevant witness during discovery (see Muniz v New York [*2]City Hous. Auth., 38 AD3d 628; see also Lara v City of New York, 135 AD3d 712, 713; Rizos v Galini Seafood Rest., 89 AD3d 1004, 1005).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court