Berry v Rockville Ctr. Union Free Sch. Dist. (2021 NY Slip Op 03434)





Berry v Rockville Ctr. Union Free Sch. Dist.


2021 NY Slip Op 03434


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-01427
 (Index No. 2680/16)

[*1]Lisa Berry, et al., respondents-appellants,
v
Rockville Centre Union Free School District, appellant-respondent.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for appellant-respondent.
Levine & Grossman, Mineola, NY (Scott D. Rubin of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered November 19, 2019. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint. The order, insofar as cross- appealed from, denied the plaintiffs' cross motion to impose sanctions on the defendant for spoliation of evidence.
ORDERED that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff Lisa Berry (hereinafter the injured plaintiff) alleges that she slipped and fell at premises owned by the defendant. The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. In an order entered November 19, 2019, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion to impose sanctions on the defendant for spoliation of evidence. The defendant appeals, and the plaintiffs cross-appeal. We reverse the order insofar as appealed from, and affirm the order insofar as cross-appealed from.
The defendant met its initial burden on its motion by demonstrating that the injured plaintiff did not know what caused her to fall, which is fatal to her cause of action, because a finding that the defendant's negligence, if any, proximately caused her injuries would be based on speculation (see DeFino v Interlaken Owners, Inc., 125 AD3d 717). In opposition, the plaintiffs failed to raise a triable issue of fact (see Meriweather v Green W. 57th St., LLC, 156 AD3d 875, 876).
Moreover, the plaintiffs' cross motion seeking sanctions for spoliation was properly [*2]denied (see Hirschberg v Winthrop-University Hosp., 175 AD3d 556).
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court