Jandly v New Carle Place Farm, Inc. (2022 NY Slip Op 07440)

Jandly v New Carle Place Farm, Inc.

2022 NY Slip Op 07440

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2019-13489
 (Index No. 606477/17)

[*1]Catherine Jandly, respondent, 
v
New Carle Place Farm, Inc., appellant, et al., defendant.

Farber Brocks & Zane, LLP, Garden City, NY (Alyssa L. Herms of counsel), for appellant.
Rappaport, Glass, Levine & Zullo, LLP, Islandia, NY (Charles J. Rappaport of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New Carle Place Farm, Inc., appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered November 21, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2017, the plaintiff commenced this action to recover damages for injuries that she allegedly sustained when she slipped and fell on the floor of a grocery store owned and operated by the defendant New Carle Place Farm, Inc. (hereinafter New Carle). The plaintiff testified at her deposition that she did not see what she slipped on prior to her fall, but subsequently noticed that she was sitting in "water from the floor" and observed "[w]ater coming from underneath" a freezer "out onto the floor." New Carle moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not have actual or constructive notice of the alleged dangerous condition that caused the plaintiff to fall, and that the plaintiff could not establish what caused her to fall without resort to speculation. In an order entered November 21, 2019, the Supreme Court, inter alia, denied New Carle's motion. New Carle appeals.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Chang v Marmon Enters., Inc., 172 AD3d 678, 678; see Basso v Miller, 40 NY2d 233, 241; Marazita v City of New York, 202 AD3d 951, 952). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Chang v Marmon Enters., Inc., 172 AD3d at 678 [internal quotation marks omitted]; see Marazita v City of New York, 202 AD3d at 952). "[A] defendant real property owner or a party in possession or control of real property that moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 937).
"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [citations omitted]; see Jack v Weiner, 200 AD3d 762, 763; Villaurel v City of New York, 59 AD3d 709, 711-712). Furthermore, "[w]here the defendant has actual knowledge of a recurrent dangerous condition, [it] may be charged with constructive notice of each specific recurrence of it" (Rivera v Waterview Towers, Inc., 181 AD3d 844, 845 [citations and internal quotation marks omitted]).
A defendant in a slip-and-fall case may also "establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Manavazian v Pietromonaco, 188 AD3d 866, 867). "Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident . . . [h]owever, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (Amico v Kasneci, 134 AD3d 969, 970; see Manavazian v Pietromonaco, 188 AD3d at 867; Deputron v A & J Tours, Inc., 106 AD3d 944, 945).
Here, New Carle failed to establish, prima facie, that it did not have actual or constructive notice of the alleged condition that caused the plaintiff to fall. In support of its motion, New Carle submitted, inter alia, the deposition testimony of its owner, who testified that he was aware that frozen condensation from a pipe that connects to a freezer in the same aisle that the plaintiff fell melted and pooled periodically (see Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1353; D'Amato v Vitale, 187 AD3d 983, 984; Milano v Staten Is. Univ. Hosp., 73 AD3d 1141, 1142). Furthermore, New Carle's submissions, including the plaintiff's own deposition testimony that she observed water on the floor in the area where she fell coming from underneath a freezer, failed to establish, prima facie, that the plaintiff could not demonstrate, through direct or circumstantial evidence, that the accident occurred as a result of the alleged recurrent dangerous condition (see Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d 835, 836; Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d 738, 739; cf. Bilska v Truszkowski, 171 AD3d 685, 687). Given New Carle's failure to meet its prima facie burden, this Court need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied New Carle's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court