Tomala v Islandia Expressway Realty, LLC (2023 NY Slip Op 02347)

Tomala v Islandia Expressway Realty, LLC

2023 NY Slip Op 02347

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-02850 
2021-04556
 (Index No. 607518/17)

[*1]Adam Tomala, appellant, 
v
Islandia Expressway Realty, LLC, et al., respondents.

Buttafuoco & Associates, PLLC, Woodbury, NY (Ellen Buchholz of counsel), for appellant.
Kennedys CMK, LLP, New York, NY (Mickey R. Schneider of counsel), for respondents Islandia Expressway Realty, LLC, 2929 CH, LLC, 2929 Nassim, LLC, and Namdar Realty Group, LLC.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Kathleen D. Foley of counsel), for respondents Carlos Valentim and Rogerio Valentim.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated March 31, 2021, and (2) a judgment of the same court entered April 29, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendants Carlos Valentim and Rogerio Valentim and the cross-motion of the defendants Islandia Expressway Realty, LLC, 2929 CH, LLC, 2929 Nassim, LLC, and Namdar Realty Group, LLC, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them. The judgment, upon the order, in effect, is in favor of the defendants and against the plaintiff dismissing the amended complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, those branches of the motion of the defendants Carlos Valentim and Rogerio Valentim and the cross-motion of the defendants Islandia Expressway Realty, LLC, 2929 CH, LLC, 2929 Nassim, LLC, and Namdar Realty Group, LLC, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them are denied, the amended complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants appearing separately and filing separate briefs.
The plaintiff allegedly was injured when he slipped and fell on ice in a commercial parking lot. The defendants Islandia Expressway Realty, LLC, 2929 CH, LLC, 2929 Nassim, LLC, and Namdar Realty Group, LLC (hereinafter collectively the Namdar defendants), were the owners of the property where the accident occurred, and the defendants Carlos Valentim and Rogerio Valentim (hereinafter together the Landscapes defendants) were retained by the Namdar defendants [*2]to perform snow removal services at the property.
The plaintiff commenced this action against the Namdar defendants and the Landscapes defendants to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, their ownership and maintenance of the parking lot, and in creating the alleged hazardous condition. Subsequently, the Landscapes defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them, and the Namdar defendants cross-moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against them. In an order dated March 31, 2021, the Supreme Court granted those branches of the motion and the cross-motion. On April 29, 2021, a judgment was entered on the order, in effect, dismissing the amended complaint. The plaintiff appeals.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 781). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 781).
Here, since the plaintiff's pleadings alleged that the Landscapes defendants, through their snow removal efforts, created the icy condition in the parking lot, thereby launching a force or instrument of harm that caused the plaintiff's injuries, those defendants, in support of their motion for summary judgment, were required to establish, prima facie, that they did not create the alleged dangerous condition (see Conrad v Global Indus. Servs., Inc., 180 AD3d 868, 869; Yvars v Marble Hgts. of Westchester, Inc., 158 AD3d 850, 851; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d 772, 773). The Landscapes defendants failed to make such a showing, as they did not affirmatively establish that they did not create the icy condition by negligently piling snow in an elevated area in the parking lot, where it allegedly melted and created a stream of water that refroze (see Repetto v Alblan Realty Corp., 97 AD3d 735, 737; Gushin v Whispering Hills Condominium I, 96 AD3d 721, 722; see also San Marco v Village/Town of Mount Kisco, 16 NY3d 111). Since the Landscapes defendants failed to make the requisite showing on their motion, the sufficiency of the papers submitted in opposition need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied that branch of the Landscapes defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Chang v Marmon Enters., Inc., 172 AD3d 678, 678; see Basso v Miller, 40 NY2d 233, 241; Jandly v New Carle Place Farm, Inc., 211 AD3d 1018, 1018). When such a party moves for summary judgment in a premises liability case, it has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Jandly v New Carle Place Farm, Inc., 211 AD3d at 1019; Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 937; Martino v Patmar Props., Inc., 123 AD3d 890, 891).
Here, the Namdar defendants failed to eliminate triable issues of fact as to whether they had constructive notice of the alleged ice condition. The deposition testimony of the Namdar defendants' building engineer raised a triable issue of fact as to whether those defendants had notice of the condition that allegedly caused the ice to form, i.e., the stream of water flowing from the pile [*3]of snow in the elevated area of the parking lot (see Roca v Gerardi, 243 AD2d 616, 617; see also Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1352-1353; Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 641-642; Kohout v Molloy Coll., 61 AD3d 640, 642). In addition, the deposition testimony of Rogerio Valentim indicated that the building engineer had instructed him to pile snow in certain places, including the elevated area of the parking lot, thus raising a triable issue of fact as to whether the Namdar defendants were responsible for creating the alleged ice condition (see Camacho v Ezras Yisrael, Inc., 221 AD2d 275). Since the Namdar defendants failed to make the requisite showing on their cross-motion, the sufficiency of the papers submitted in opposition need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Accordingly, the Supreme Court should have denied that branch of the Namdar defendants' cross-motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.
The plaintiff's remaining contention need not be reached in light of our determination. The remaining contention of the Landscapes defendants is not properly before this Court on this appeal.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court