Gardell v Arden Ave. Homeowners Assn. (2024 NY Slip Op 03410)

Gardell v Arden Ave. Homeowners Assn.

2024 NY Slip Op 03410

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-09398
 (Index No. 151773/20)

[*1]Darlene Gardell, etc., appellant, 
v
Arden Avenue Homeowners Association, et al., respondents (and a third-party action).

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Lauren E. Bryant, and Ross Friscia], of counsel), for appellant.
Gallo Vitucci Klar LLP, Woodbury, NY (Nicholas Vevante and Jeremy B. Cantor of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lizzette Colon, J.), dated November 1, 2022. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were for summary judgment dismissing the amended complaint insofar as asserted against the defendants Arden Avenue Homeowners Association, Berkley Court Homeowners Association, Inc., Board of Directors of Arden Avenue Homeowners Association, Inc., and T.W. Finnerty Property Management, Inc., and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
On January 4, 2018, Robert Gardell (hereinafter the decedent) allegedly sustained injuries when he slipped and fell in the parking lot of a premises owned and/or operated by the defendants Arden Avenue Homeowners Association, Berkley Court Homeowners Association, Inc., Board of Directors of Arden Avenue Homeowners Association, Inc., and T.W. Finnerty Property Management, Inc. On May 8, 2018, the decedent died from causes unrelated to the accident. In October 2020, the plaintiff, as the administrator of the decedent's estate, commenced this action against the defendants.
The defendants moved for summary judgment dismissing the amended complaint, contending that the plaintiff could not provide admissible evidence identifying the cause of the accident. In support of their motion, the defendants submitted a transcript of the plaintiff's deposition testimony in which the plaintiff testified that she had conversations with the decedent wherein he claimed that he slipped and fell on snow and ice on the premises, that the decedent showed the plaintiff the location of the accident, and that the plaintiff took photographs of the accident location. The defendants further provided a transcript of the deposition testimony of a nonparty witness who testified regarding conversations with the decedent and the witness's own observation of the accident location immediately after the accident and of snow on the ground from [*2]the night prior to the accident. The defendants contended that the deposition testimony concerning the statements that the decedent made to the plaintiff and the nonparty witness constituted inadmissible hearsay. The defendants also contended that the defendant E.W.C. Property Management, LLC, had no involvement with the premises at the time of the accident and, thus, was not a proper party to this action. In an order dated November 1, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
In a premises liability case, a defendant moving for summary judgment can make a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of the plaintiff's fall without engaging in speculation (see Atehortua v Jaramillo, 195 AD3d 670, 671; Padilla v CVS Pharm., 175 AD3d 584, 585; Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.-Am. Legion, Inc., 94 AD3d 1058). "'[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation'" (Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d 835, 836, quoting Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827). However, proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident. It is the mere speculation as to the cause of an accident when there could have been many possible causes that is fatal to a cause of action (see Jandly v New Carle Place Farm, Inc., 211 AD3d 1018, 1019; Amico v Kasneci, 134 AD3d 969, 970).
Here, the defendants failed to demonstrate, prima facie, that the plaintiff could not identify what caused the decedent to slip and fall without engaging in speculation (see Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d at 836; see also Jandly v New Carle Place Farm, Inc., 211 AD3d at 1020; Eisenstein v Block 5298, Inc., 164 AD3d 1304, 1305). While the defendants contended that the deposition testimony of the plaintiff and the nonparty witness regarding the statements the decedent made to them as to how the accident occurred constituted inadmissible hearsay, hearsay may be considered on a motion for summary judgment so long as the hearsay evidence is not the only evidence submitted to raise a triable issue of fact (see Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d at 836; Dindiyal v Dindiyal, 149 AD3d 1035). The defendants' submissions also included the transcripts of the deposition testimony of the plaintiff and the nonparty witness concerning their personal observations of the accident location shortly after the accident and the existence of photographs of the accident location taken by the plaintiff. Thus, the defendants failed to meet their prima facie burden of demonstrating that the plaintiff could not establish, through direct or circumstantial evidence, that the decedent slipped and fell as a result of an accumulation of snow and ice on the premises (see Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d at 836). In view of the foregoing, this Court need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants, however, demonstrated, prima facie, that the defendant E.W.C. Property Management, LLC, had no connection to the premises at the time of the accident and, thus, it was not a proper party to this action (see generally Misa v Town of Brookhaven, 212 AD3d 804; Suero-Sosa v Cardona, 112 AD3d 706, 707). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the amended complaint insofar as asserted against the defendants Arden Avenue Homeowners Association, Berkley Court Homeowners Association, Inc., Board of Directors of Arden Avenue Homeowners Association, Inc., and T.W. Finnerty Property Management, Inc.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court