■ LINDA BLOCHL et al., Appellants, v RT LONG ISLAND FRANCHISE, LLC, Doing Business as RUBY TUESDAY, Respondent. [895 NYS2d 511]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, J.), entered October 9, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Linda Blochl (hereinafter the plaintiff) allegedly slipped and fell in a bathroom in the defendant's restaurant on the evening of September 26, 2003. Thereafter, the plaintiff, and her husband, suing derivatively, commenced this personal injury action against the defendant. After issue was joined, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff could not identify the cause of her fall.

The defendant established its entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony, in which she stated, in effect, that she did not know what caused her to fall (*see Hunt v Meyers*, 63 AD3d 685 [2009]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]). At her deposition, the plaintiff acknowledged that she did not see the substance which caused her to slip and fall before or after the accident. In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see* CPLR 3212 [b]). The plaintiff's subsequent affidavit, in which she averred that she was "absolutely certain" that it was either water or paper on the floor which caused her to slip and fall, presented feigned issues of fact designed to avoid the consequences of her earlier deposition testimony and, thus, was insufficient to raise a triable issue of fact (*see Hughes-Berg v Mueller*, 50 AD3d 856, 858 [2008]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.