■ ROSTISLAV MELNIKOV, Respondent-Appellant, v 249 BRIGHTON CORP. et al., Appellants-Respondents. [898 NYS2d 627]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 26, 2009, as denied their motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied that branch of his cross motion which was for summary judgment on the issue of liability.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant M & I International Foods, Inc. (hereinafter M & I), operated a grocery store at 249 Brighton Beach Avenue in Brooklyn. The premises were owned by the defendant 249 Brighton Corp., which leased it to M & I. On September 14, 2006, the plaintiff slipped and fell in front of M & I's store. At his deposition, the plaintiff stated that there were a number of garbage bags approximately one to two feet from where he fell, and at least one of them was torn and leaking a substance or debris onto the sidewalk. The defendants moved for summary judgment dismissing the complaint, claiming that the plaintiff could not identify the cause of his fall, and that they neither created nor had actual or constructive notice of any alleged condition which caused the plaintiff's fall. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability. In the order appealed from, the Supreme Court denied both the defendants' motion and the plaintiff's cross motion. We affirm the order insofar as appealed from.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Aguirre v Paul*, 54 AD3d 302, 303 [2008], quoting *Prusak v New York City Hous. Auth.*, 43 AD3d 1022, 1022 [2007]; *see Lewis v Metropolitan Transp. Auth.*, 64 NY2d 670, 671 [1984]). " 'In a trip and fall case, [a] plaintiff's inability to identify the cause of his or her

fall is fatal to his or her cause of action, since, in that instance, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation' " (*Antonia v Srour*, 69 AD3d 666, 666 [2010], quoting *Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]).

Here, contrary to the defendants' contention, the plaintiff sufficiently identified the alleged cause of his fall—one or more torn garbage bags, located one to two feet from where he fell, leaking a substance and/or debris onto the sidewalk. The defendants failed to establish their prima facie entitlement to judgment as a matter of law. The defendants failed to demonstrate, prima facie, that M & I did not create the condition which allegedly caused the plaintiff's fall, and failed to demonstrate that 249 Brighton Corp., the property owner, maintained the sidewalk in a reasonably safe condition, as required by Administrative Code of the City of New York § 7-210 (*see generally Serano v New York City Hous. Auth.*, 66 AD3d 867, 868 [2009]). Because the defendants failed to satisfy their prima facie burden, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Napolitano v Suffolk County Dept. of Pub. Works*, 65 AD3d 676, 677 [2009]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.