■ JOSEPH ALABRE, Respondent, v KINGS FLATLAND CAR CARE CENTER, INC., Also Known as 5808 FLATLANDS REALTY, LTD., Appellant, et al., Defendant. [924 NYS2d 174]—

In an action to recover damages for personal injuries, the defendant Kings Flatland Car Care Center, Inc., also known as 5808 Flatlands Realty, Ltd., appeals from so much of an order of the Supreme Court, Kings County (Martin, J.), dated December 15, 2010, as, in effect, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Kings Flatland Car Care Center, Inc., also known as 5808 Flatlands Realty, Ltd., is granted.

On February 14, 2007, the plaintiff allegedly was injured when he slipped and fell while delivering auto parts to Kings Flatland Car Care Center, Inc., located at 5808 Flatlands Avenue in Brooklyn. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Harvinder Singh, the president of Kings Flatland Car Care Center, Inc., and the sole shareholder of 5808 Flatlands Realty, Ltd., and, in effect, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Kings Flatland Car Care Center, Inc., also known as 5808 Flatlands Realty, Ltd.

(hereinafter the appellant). We reverse the order insofar as appealed from.

The appellant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the cause of his fall. " '[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation' " (*Rajwan v 109-23 Owners Corp.*, 82 AD3d 1199, 1200 [2011], quoting *Patrick v Costco Wholesale Corp.*, 77 AD3d 810, 810-811 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. The crux of the plaintiff's deposition testimony was that because the floor of the repair shop at the appellant's premises was always dirty, he must have slipped on oil or grease. Since it is just as likely that the plaintiff's fall could have been caused by a loss of balance, a misstep, or moisture on the bottom of his shoes caused by the snow which had fallen the previous evening, the plaintiff failed to raise a triable issue of fact as to the cause of the accident (*see Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638, 639 [2005]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.