ANTHONY McFADDEN, Appellant, v 726 LIBERTY CORP., Respondent. [933 NYS2d 617]—

" '[A] plaintiff's inability to identify the cause of the [subject] fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation' " (*Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011], quoting *Rajwan v 109-23 Owners Corp.*, 82 AD3d 1199, 1200 [2011]; *see Capasso v Capasso*, 84 AD3d 997, 998 [2011]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the cause of his fall (*see Capasso v Capasso*, 84 AD3d at 998; *Patrick v Costco Wholesale Corp.*, 77 AD3d at 811). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-564 [1980]; *McCord v Olympia & York Maiden Lane Co.*, 8 AD3d 634, 636 [2004]).

Accordingly, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Florio, Lott and Cohen, JJ., concur.