■ NANCY DEPUTRON, Appellant, v A & J TOURS, INC., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [964 NYS2d 670]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated May 29, 2012, as granted those branches of the separate motions of the defendants A & J Tours, Inc., and ABC Companies

which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action to recover damages for injuries allegedly sustained when she tripped and fell while exiting a bus that was owned and operated by the defendant A & J Tours, Inc. (hereinafter A & J Tours), manufactured by the defendant Van Hool, NV, and distributed by the defendant ABC Companies (hereinafter ABC). A & J Tours and ABC (hereinafter together the moving defendants) separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted those branches of the motions.

"In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*Patrick v Costco Wholesale Corp.*, 77 AD3d 810, 810 [2010]; *see Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]; *Rajwan v 109-23 Owners Corp.*, 82 AD3d 1199, 1200 [2011]). Here, the moving defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the plaintiff and her husband, which demonstrated that the plaintiff could not identify the cause of her fall without resorting to speculation (*see Dennis v Lakhani*, 102 AD3d 651 [2013]; *Califano v Maple Lanes*, 91 AD3d 896, 897 [2012]; *McFadden v 726 Liberty Corp.*, 89 AD3d 1067, 1067 [2011]; *Patrick v Costco Wholesale Corp.*, 77 AD3d at 810-811). Although the plaintiff claimed that a bar connected to the bottom step of the bus caused her to trip, she acknowledged that she did not see this bar before her fall, that she did not know which foot made contact with the bar, and that she only assumed that she had tripped on the bar after she regained consciousness and went looking for the source of the fall.

In opposition, the plaintiff failed to raise a triable issue of fact as to the cause of the accident (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a slip and fall accident, any determination by the trier of fact as to causation would be based upon sheer conjecture" (*Dennis v Lakhani*, 102 AD3d at 652; *see Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d at 1287; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the separate motions of A & J Tours and ABC which were for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Chambers, Austin and Roman, JJ., concur.