In an action to recover damages for personal injuries, the defendant Trump Village Section 3, Inc., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated January 17, 2013, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant Trump Village Section 3, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted.
While walking on a public sidewalk abutting property owned by the defendant Trump Village Section 3, Inc. (hereinafter Trump Village), the plaintiff allegedly sustained injuries as a result of tripping and falling in front of a bus stop shelter where a crowd of people was waiting for a bus. The plaintiff commenced this action to recover damages for personal injuries against the City of New York and Trump Village. In her bills of particulars, the plaintiff alleged that she tripped over a tuft of *855 grass growing out of an expansion joint between the sidewalk flag and the adjacent curbstone. The City’s motion for summary judgment dismissing the complaint insofar as asserted against it was granted by a prior order of the Supreme Court. Trump Village cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied Trump Village’s cross motion.
Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see Mei Xiao Guo v Quong Big Realty Corp., 81 AD3d 610, 610-611 [2011]; Melnikov v 249 Brighton Corp., 72 AD3d 760 [2010]). However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation (see McFadden v 726 Liberty Corp., 89 AD3d 1067, 1067 [2011]; Patrick v Costco Wholesale Corp., 77 AD3d 810 [2010]; Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993, 993 [2010]; Miller v 7-Eleven, Inc., 70 AD3d 791, 791 [2010]).
“ ‘[A] plaintiffs inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant’s negligence, if any, proximately caused the plaintiff’s injuries would be based on speculation’ ” (Alabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d 1286, 1287 [2011], quoting Rajwan v 109-23 Owners Corp., 82 AD3d 1199, 1200 [2011] [some internal quotation marks omitted]; see Aguilar v Anthony, 80 AD3d 544, 545 [2011]). Although “[p]roximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident, . . . mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action” (Costantino v Webel, 57 AD3d 472, 472 [2008]; see Louman v Town of Greenburgh, 60 AD3d 915, 916 [2009]). Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation (see Adabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d at 1287; Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435 [2006]).
Here, Trump Village demonstrated its prima facie entitlement to judgment as a matter of law by establishing, through the submission of the plaintiffs testimony at the hearing held *856 pursuant to General Municipal Law § 50-h (hereinafter the 50-h hearing) and her deposition, that the plaintiff could not identify the cause of her fall without engaging in speculation (see Lou-man v Town of Greenburgh, 60 AD3d at 916). During her 50-h hearing and deposition, the plaintiff testified that she did not see the tuft of grass prior to falling and did not know why she fell, and it was the ambulance personnel who posited that the subject tuft of grass caused her fall. However, since the ambulance personnel did not witness the accident, their opinion as to what caused the fall was mere speculation. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court improperly denied that branch of Trump Village’s cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not address Trump Village’s remaining contention. Rivera, J.E, Skelos, Chambers and Austin, JJ., concur.