■ ARNOLD GOLDBERG, Respondent, v VILLAGE OF MOUNT KISCO et al., Appellants. (And Another Action.) [5 NYS3d 149]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated July 31, 2014, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff alleges that he sustained injuries as a result of tripping and falling over exposed tree roots while walking on an unpaved path in a park owned and maintained by the defendants. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court denied the motion. We reverse.

"Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (*Ash v City of New York*, 109 AD3d 854, 855 [2013]; *see Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610, 610-611 [2011]; *Melnikov v 249 Brighton Corp.*, 72 AD3d 760 [2010]). "However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (*Ash v City of New York*, 109 AD3d at 855; *see McFadden v 726 Liberty Corp.*, 89 AD3d 1067, 1067 [2011]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]; *Blochl v RT Long Is. Franchise, LLC*, 70 AD3d 993, 993 [2010]; *Miller v 7-Eleven, Inc.*, 70 AD3d 791, 791 [2010]). "Where it is just as likely that some other factor, such as a misstep or a loss of bal-

ance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (*Ash v City of New York*, 109 AD3d at 855; *see Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]).

Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by establishing, through the submission of the plaintiff's deposition testimony, that the plaintiff could not identify the cause of his fall without engaging in speculation. The plaintiff testified that he did not see tree roots prior to or immediately after falling, and that he did not "feel anything that caused him to fall" (*see Deputron v A & J Tours, Inc.*, 106 AD3d 944, 944-945 [2013]).

Contrary to the Supreme Court's determination, the plaintiff failed to raise a triable issue of fact in opposition. The affidavit of Angelo Mamone, who was walking alongside the plaintiff when he fell, did not raise a triable issue of fact, since Mamone did not aver that he observed the plaintiff trip, but only observed that there were tree roots in the path where the plaintiff fell. His conclusion that tree roots were the cause of the fall was speculative. Moreover, the portion of a police report relied upon by the plaintiff contained inadmissible hearsay and, thus, was insufficient to raise a triable issue of fact (*see Bailey v Reid*, 82 AD3d 809, 810 [2011]; *Noakes v Rosa*, 54 AD3d 317, 318 [2008]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.