Colini v Stino, Inc. (2020 NY Slip Op 05184)





Colini v Stino, Inc.


2020 NY Slip Op 05184


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-10361
 (Index No. 603881/15)

[*1]Julia Colini, appellant, 
v
Stino, Inc., respondent.


Subin Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Melissa B. Ringel], of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City, NY (Beth L. Rogoff-Gribbins of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated October 30, 2017. The judgment, upon an order of the same court entered August 9, 2017, inter alia, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when she fell at a restaurant while attending a luncheon. The luncheon was held in a party room in the restaurant that had wall-to-wall carpeting on the floor. The defendant operated the restaurant.
The plaintiff commenced this action to recover damages for personal injuries. She alleged that she fell because the carpeting in the restaurant was maintained in a dangerous and hazardous condition. The defendant moved, inter alia, for summary judgment dismissing the complaint. In an order entered August 9, 2017, the Supreme Court granted the defendant's motion. On October 30, 2017, the court issued a judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment.
The defendant contends that the appeal from the judgment should be dismissed because the judgment does not bring up for review the portion of the order entered August 9, 2017, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. This contention is precluded by the doctrine of law of the case. In a decision and order on motion dated October 23, 2018, this Court denied the defendant's motion to dismiss the appeal on that ground (see Culen v Culen, 157 AD3d 930, 931; Matter of Courtney C., 114 AD3d 938, 939).
We agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint. "Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or [*2]constructive notice of that condition for a sufficient length of time to discover and remedy it" (Ash v City of New York, 109 AD3d 854, 855; see Melnikov v 249 Brighton Corp., 72 AD3d 760, 760). "However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Ash v City of New York, 109 AD3d at 855; see McFadden v 726 Liberty Corp., 89 AD3d 1067, 1068; Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993, 993). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Ash v City of New York, 109 AD3d at 855; see Alabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d 1286, 1287; Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting a transcript of the plaintiff's deposition testimony, which demonstrated that the plaintiff was unable to identify the cause of her fall (see Giannotti v Hudson Val. Fed. Credit Union, 133 AD3d 711; Brown-Phifer v Cross County Mall Multiplex, 282 AD2d 564). During her deposition, the plaintiff testified that she did not know what caused her left foot to get stuck on the carpeting. Therefore, a jury would be required to speculate as to the cause of the plaintiff's fall (see Curran v Esposito, 308 AD2d 428; Brown-Phifer v Cross County Mall Multiplex, 282 AD2d 564; see also Przybyszewski v Wonder Works Constr., 303 AD2d 482, 483). Contrary to the plaintiff's contention, her deposition testimony did not raise a triable issue of fact as to whether she fell because the wall-to-wall carpeting moved. Moreover, in opposition to the defendant's prima facie showing, the affirmation of the plaintiff's attorney was insufficient to raise a triable issue of fact (see CPLR 3212[b]; Yong Dong Liu v Lowe, 173 AD3d 946, 947; Han Hao Huang v "John Doe", 169 AD3d 1014, 1016).
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court