Theissen v 7-Eleven, Inc. (2020 NY Slip Op 07941)





Theissen v 7-Eleven, Inc.


2020 NY Slip Op 07941


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-08948
2019-11616
 (Index No. 604094/16)

[*1]Maria Susana Theissen, appellant,
v
7-Eleven, Inc., et al., respondents.


The Sachs Firm, P.C., (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated June 21, 2019, and (2) a judgment of the same court dated September 5, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant 7-Eleven, Inc. The judgment, insofar as appealed from, upon so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant 7-Eleven, Inc., is in favor of the defendant 7-Eleven, Inc., and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On April 22, 2013, the plaintiff allegedly tripped and fell on the exterior grounds of a premises owned by the defendant 413 Jerusalem Corporation, and occupied by the defendant 7-Eleven, Inc. (hereinafter 7-Eleven), in Suffolk County. As a result, the plaintiff commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint. With respect to 7-Eleven, the defendants argued, inter alia, that the plaintiff did not know what had caused her to fall and that, even if the fall was caused by a tree stump/root in a grassy area, the condition was inherent to the nature of the premises. The Supreme Court granted the motion on the ground that the tree stump was inherent or incidental to the nature of the property and should have been reasonably anticipated by the plaintiff. Subsequently, a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the order and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, [*2]248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
A defendant moving for summary judgment in a trip and fall case can establish its entitlement to judgment as a matter of law by demonstrating, prima facie, that the plaintiff cannot identify the cause of his or her fall without engaging in speculation (see Goldberg v Village of Mount Kisco, 125 AD3d 929; Deputron v A & J Tours, Inc., 106 AD3d 944). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (O'Connor v Metro Mgt. Dev., Inc., 130 AD3d 698, 699 [internal quotation marks omitted]; see Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Ash v City of New York, 109 AD3d 854, 855; see Alabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d 1286, 1287).
Here, the defendants established, prima facie, that 7-Eleven cannot be held liable for the plaintiff's injuries by demonstrating that the plaintiff could not identify the cause of her fall without resorting to speculation (see Goldberg v Village of Mt. Kisco, 125 AD3d at 930; Deputron v A & J Tours, Inc., 106 AD3d at 944-945). In support of their motion, the defendants submitted, inter alia, the transcript of the plaintiff's deposition testimony, wherein she testified that she did not see the alleged condition that caused her to fall before or after she fell and that she did not feel anything come into contact with either one of her feet before she fell.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's post-deposition errata sheet submitted in opposition to the motion failed to provide an adequate explanation for her assertion that a tree stump had caused her to trip and fall, and it failed to raise a triable issue of fact (see Horn v 197 5th Ave. Corp., 123 AD3d 768, 770; Ashford v Tannenhauser, 108 AD3d 735, 736; Thompson v Commack Multiplex Cinemas, 83 AD3d 929). Similarly, the plaintiff's affidavit presented feigned issues of fact designed to avoid the consequences of her earlier deposition testimony, and was insufficient to raise a triable issue of fact (see Garcia-Rosales v Bais Rochel Resort, 100 AD3d 687).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against 7-Eleven, albeit for a different reason from that relied upon by the court.
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court