Buckstine v Schor (2023 NY Slip Op 00646)

Buckstine v Schor

2023 NY Slip Op 00646

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2019-13087
 (Index No. 57710/16)

[*1]Hannah Buckstine, appellant, 
v
Jordan Schor, et al., respondents, et al., defendants (and a third-party action).

Law Office of Todd J. Krouner, P.C., Chappaqua, NY (Todd J. Krouner and Christopher W. Dennis of counsel), for appellant.
Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Frank R. Malpigli and Michael A. Miranda of counsel), for respondents Jordan Schor and Jordan's of New Paltz, LLC.
McCabe & Mack, LLP, Poughkeepsie, NY (Kimberly Hunt Lee of counsel), for respondent L'Core Enterprise Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated October 21, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendant L'Core Enterprise Corp. and the defendants Jordan Schor and Jordan's of New Paltz, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly fell down stairs into the basement of a pizzeria, sustaining injuries. According to the deposition testimony of a nonparty witness, the plaintiff, who was visibly intoxicated and waiting in line to use the restroom, went behind a curtain, which blocked an unlit portion of a hallway in the rear of the pizzeria, and then reported to the nonparty witness that there was a door. The plaintiff went through the door, and the nonparty witness heard a "thump, thump, thump." The nonparty witness ran behind the curtain, turned on the lights, and found the plaintiff at the bottom of the stairs with "blood coming out of the back of her head." The nonparty witness did not see the plaintiff fall and did not see anyone else walk behind the curtain. The plaintiff does not remember the incident.
The plaintiff commenced this action against, among others, the defendants Jordan Schor and Jordan's of New Paltz, LLC (hereinafter together the Schor defendants), the operators of the pizzeria, and the defendant L'Core Enterprise Corp. (hereinafter L'Core), the owner of the building. L'Core and the Schor defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, arguing, among other things, that the plaintiff could not identify the cause of her fall and, therefore, any finding that a defect in the stairway proximately caused her injuries would be purely speculative. In an order dated October 21, [*2]2019, the Supreme Court, inter alia, granted those branches of the motions. The plaintiff appeals, and we affirm.
In a premises liability case, a defendant ordinarily establishes its entitlement to summary judgment by showing "'that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence'" (Colon v New York City Tr. Auth., 201 AD3d 867, 868, quoting Blair v Loduca, 164 AD3d 637, 638-639). "'However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Grande v Won Hee Lee, 171 AD3d 877, 878, quoting Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864).
"A plaintiff's inability to testify as to how an accident occurred does not require dismissal where negligence and causation can be established with circumstantial evidence" (Grande v Won Hee Lee, 171 AD3d at 878), but "'the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation'" (id. at 878-879, quoting Thomas v New York City Tr. Auth., 194 AD2d 663, 664; see Barnett v Fusco, 206 AD3d 962, 963; Atehortua v Jaramillo, 195 AD3d 670, 671-672).
Here, L'Core and the Schor defendants established, prima facie, that the plaintiff could not identify the cause of her fall without engaging in speculation (see Barnett v Fusco, 206 AD3d at 963; Atehortua v Jaramillo, 195 AD3d at 671-672). The plaintiff testified at her deposition that she did not recall how she fell and, while the nonparty witness heard the plaintiff fall down the stairs, he testified that he did not see the plaintiff fall and that it was dark behind the curtain.
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was insufficient to raise a triable issue of fact because it was conclusory, speculative, and did not establish a causal connection between the plaintiff's fall and the alleged defects that he observed when he inspected the area behind the curtain (see Grande v Won Hee Lee, 171 AD3d at 879; Costantino v Webel, 57 AD3d 472, 472).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the motions of L'Core and the Schor defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court