Ward v John T. Mather Mem. Hosp. of Port Jefferson, N.Y., Inc. (2023 NY Slip Op 02140)

Ward v John T. Mather Mem. Hosp. of Port Jefferson, N.Y., Inc.

2023 NY Slip Op 02140

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-06543
 (Index No. 602846/18)

[*1]Danielle Ward, etc., appellant,
v
John T. Mather Memorial Hospital of Port Jefferson, New York, Inc., et al., respondents.

Krenstel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Michael P. Kelly of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated August 24, 2021. The order granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In October 2016, Donna Ward (hereinafter the decedent) allegedly sustained personal injuries while on the premises of the defendant Mather Thrift Shop (hereinafter the thrift shop), which was owned and operated by the defendant John T. Mather Memorial Hospital of Port Jefferson, New York, Inc. The decedent commenced this action against the defendants to recover damages for personal injuries alleging, among other things, that the defendants failed to maintain the thrift shop in a reasonably safe condition. The decedent died before she could be deposed, and Danielle Ward, the decedent's daughter, was thereafter appointed as administrator of the estate and substituted as the plaintiff. After discovery was completed, the defendants moved, inter alia, for summary judgment dismissing the complaint. In an order dated August 24, 2021, the Supreme Court granted that branch of the defendants' motion. The plaintiff appeals.
"In a premises liability case, '[a] defendant may . . . establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her injury without engaging in speculation'" (Mercurio v Dayton, 207 AD3d 456, 457, quoting Marazita v City of New York, 202 AD3d 951, 953; see Gaither-Angus v Adelphi Univ., 180 AD3d 875). "'Although proximate cause can be established in the absence of direct evidence of causation [and] . . . may be inferred from the facts and circumstances underlying the injury, [m]ere speculation as to the cause of [the accident], where there can be many causes, is fatal to a cause of action'" (Gaither-Angus v Adelphi Univ., 180 AD3d at 875, quoting Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435).
Here, in support of that branch of their motion which was for summary judgment [*2]dismissing the complaint, the defendants submitted, inter alia, transcripts of the deposition testimony of Louise Grinere, Gail Schmidt, the plaintiff, and Shannan Ward, as well as certain certified medical records. Grinere, a volunteer who was working at the thrift shop on the date of the decedent's accident, testified that the thrift shop had a front entrance and rear entrance, and described the rear entrance as having an outer screen door and an inner "regular" door. Grinere, who did not witness the accident, testified that on the date of the decedent's accident, the decedent told her that she had injured her lower right arm on the rear screen door.
Schmidt, the decedent's friend, testified that the day after the decedent's accident, the decedent told her that as the decedent was leaving the thrift shop, the thrift shop door "came back and hit her hand." The plaintiff testified that the day after the accident, the decedent told her that as the decedent was entering the thrift shop, the door was very heavy and it swung back and "fell" on her right hand. Shannan Ward, the decedent's other daughter, testified that the decedent told her that as the decedent was leaving the thrift shop, the screen door, which was "extremely heavy," "swung back and hit her and cut her in the hand." Shannan Ward also testified that the decedent stated that a piece of metal cut her hand, and that the piece of metal was either located "by the door handle," or "sticking out . . . on the frame by the handle." An admission note from the decedent's hospital stay in connection with her injuries from the accident stated, inter alia, that the decedent's "[d]aughters state that the [decedent] yesterday went to a thrift shop and when leaving the metal door closed on her hand."
Under these circumstances, the defendants established, prima facie, that the plaintiff could not identify the cause of the decedent's injury without engaging in speculation, since the evidence demonstrated that the plaintiff was unable to identify either where on the rear doors to the thrift shop the decedent was injured or what defect, if any, in the rear doors or door frame caused the decedent's injuries (see Theard v G. Fazio Constr. Co., Inc., 192 AD3d 942, 944; Mauskopf v 1528 Owners Corp., 102 AD3d 930, 931).
In opposition, the plaintiff, who submitted, inter alia, an expert affidavit from a professional engineer, failed to raise a triable issue of fact with respect to the condition of the rear doors to the thrift shop, since the expert's opinion was based on speculation. The expert admitted in his affidavit that he never inspected the rear doors to the thrift shop (see Gover v Mastic Beach Prop. Owners Assn, 57 AD3d 729, 731), and his opinion was based solely on his review of unauthenticated photographs of those doors (see id.; Hlenski v City of New York, 51 AD3d 974, 975).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court