Belmonte v City of New York (2023 NY Slip Op 05114)

Belmonte v City of New York

2023 NY Slip Op 05114

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-08909
 (Index No. 150576/17)

[*1]Tracey Belmonte, et al., appellants, 
v
City of New York, et al., respondents.

Borrell & Riso, LLP, Staten Island, NY (John Riso of counsel), for appellants.
James J. Toomey, New York, NY (Evy Kazansky of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated November 5, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Tracey Belmonte (hereinafter the injured plaintiff) allegedly was injured when she fell while walking on a street in Staten Island in an area where rocks and pebbles were on the street due to ongoing construction. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against the defendant City of New York, and the defendants Inter Laperuta JV and Inter Contracting Corp., which were performing excavation work at the location of the injured plaintiff's accident under a contract with the City. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiffs appeal.
In a trip-and-fall case, "'a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Colini v Stino, Inc., 186 AD3d 1610, 1611, quoting Ash v City of New York, 109 AD3d 854, 855). "A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Chang v Marmon Enters., Inc., 172 AD3d 678, 679; see Palahnuk v Tiro Rest. Corp., 116 AD3d 748, 749). "'Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation'" (Colini v Stino, Inc., 186 AD3d at 1611, quoting Ash v City of New York, 109 AD3d at 855). "'Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident. However, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action'" (Padilla v CVS Pharm., 175 AD3d 584, 585, quoting Vojvodic v City of New York, 148 AD3d 1086, 1087).
Here, the defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff could not identify the cause [*2]of her fall (see Manavazian v Pietromonaco, 188 AD3d 866, 867; Colini v Stino, Inc., 186 AD3d at 1611-1612; Bilska v Truszkowski, 171 AD3d 685, 686-687). At her deposition, the injured plaintiff testified that she had a difficult time walking due to the rocks and pebbles. She also testified that she was not certain if the rocks and pebbles caused her to fall. The injured plaintiff further stated that she contemplated whether construction netting caused her to fall. In light of this testimony, any conclusion that the rocks and pebbles caused the injured plaintiff to fall would be based entirely on speculation (see Patrick v Costco Wholesale Corp., 77 AD3d 810, 811). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the injured plaintiff's affidavit merely attempted to cure the consequences of her earlier deposition testimony (see Viviano v KeyCorp, 128 AD3d 811, 812; Fredette v Town of Southampton, 95 AD3d 940, 942-943).
The plaintiffs' remaining contention is without merit.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court