Tanriverdi v United Skates of Am., Inc. (2023 NY Slip Op 05529)

Tanriverdi v United Skates of Am., Inc.

2023 NY Slip Op 05529

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-05615
 (Index No. 601784/12)

[*1]Cigdem Altinerlielmas Tanriverdi, et al., respondents,
v
United Skates of America, Inc., appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Patrick J. Lawless of counsel), for appellant.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered June 16, 2020. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order of the same court entered January 13, 2020, denying the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order entered June 16, 2020, is reversed insofar as appealed from, on the law, with costs, upon renewal, the order entered January 13, 2020, is vacated, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff Cigdem Altinerlielmas Tanriverdi (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action to recover damages for injuries she allegedly sustained when she fell while roller skating at the defendant's roller skating rink. The defendant moved for summary judgment dismissing the complaint. In an order entered January 13, 2020, the Supreme Court denied the motion. The defendant subsequently moved, inter alia, for leave to renew its prior motion for summary judgment dismissing the complaint. By order entered June 16, 2020, the court, among other things, granted leave to renew but, upon renewal, adhered to its prior determination in the order entered January 13, 2020. The defendant appeals.
"In a premises liability case, a defendant ordinarily establishes its entitlement to summary judgment by showing 'that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence'" (Buckstine v Schor, 213 AD3d 730, 731, quoting Colon v New York City Tr. Auth., 201 AD3d 867, 868 [internal quotation marks omitted]). "'However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Buckstine v Schor, 213 AD3d at 731, quoting Grande v Won Hee Lee, 171 AD3d 877, 878 [internal quotation marks omitted]). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Ash v City of New York, 109 AD3d 854, 855; see Theissen v 7-Eleven, Inc., 189 AD3d 1502, 1504).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting, inter alia, the transcript of the injured plaintiff's deposition testimony, which demonstrated that she was unable to identify the cause of her fall without resorting to speculation (see Ward v John T. Mather Mem. Hosp. of Port Jefferson, N.Y., Inc., 215 AD3d 994; Theard v G. Fazio Constr. Co., Inc., 192 AD3d 942, 944; Rodriguez v New York City Hous. Auth., 169 AD3d 947, 949). In opposition, the plaintiffs failed to raise a triable issue of fact.
In light of our determination, we need not address the parties' remaining contentions.
Accordingly, upon renewal, the Supreme Court should have vacated its prior order and granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court