Osmolska v Giuseppa Morreale Family Trust (2024 NY Slip Op 04210)

Osmolska v Giuseppa Morreale Family Trust

2024 NY Slip Op 04210

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-02994
2023-03300
 (Index No. 717862/19)

[*1]Yolanda Osmolska, appellant, 
v
Giuseppa Morreale Family Trust, et al., respondents.

Buitrago & Associates, PLLC, New York, NY (Marcelo A. Buitrago of counsel), for appellant.
Shearer, P.C., Locust Valley, NY (Jonathan M. Citrin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered March 21, 2023, and (2) a judgment of the same court entered March 24, 2023. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of the plaintiff's cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendants to recover damages for personal injuries that she allegedly sustained when she fell on a staircase inside the defendants' premises. The defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved, inter alia, pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants. In an order entered March 21, 2023, the Supreme Court, inter alia, granted the defendants' motion and denied that branch of the plaintiff's cross-motion, concluding that the defendants established, prima facie, that the plaintiff could not identify the cause of her fall without engaging in speculation, and that, in opposition, the plaintiff failed to raise a triable issue of fact. On March 24, 2023, a judgment was entered dismissing the complaint. The plaintiff appeals.
In a premises liability case, "'[o]rdinarily, a defendant moving for summary judgment . . . has the burden of establishing that it did not create the hazardous condition that allegedly caused the [plaintiff's] fall, and did not have actual or constructive notice of that condition for a sufficient [*2]length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Grande v Won Hee Lee, 171 AD3d 877, 878, quoting Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864; see De Rose v Anna & Rose Realty Co., LLC, 219 AD3d 700, 700-701). "'[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation'" (Grande v Won Hee Lee, 171 AD3d at 878, quoting Rivera v J. Nazzarro Parternship, L.P., 122 AD3d 826, 827; see De Rose v Anna & Rose Realty Co., LLC, 219 AD3d at 701). "'Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused [the plaintiff to fall], any determination by the trier of fact as to causation would be based upon sheer speculation'" (Grande v Won Hee Lee, 171 AD3d at 879, quoting Ash v City of New York, 109 AD3d 854, 855; see De Rose v Anna & Rose Realty Co., LLC, 219 AD3d at 700-701).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony of the plaintiff, which demonstrated that she was unable to identify the cause of her fall without engaging in speculation (see Buckstine v Schor, 213 AD3d 730, 731; De Rose v Anna & Rose Realty Co., LLC, 219 AD3d at 701). In opposition, the plaintiff failed to raise a triable issue of fact.
Contrary to the parties' contentions, sanctions are not warranted in this case (see 22 NYCRR 130-1.1(c); CPLR 8303-a).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of the plaintiff's cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants.
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court