Barretta v Michaels Stores, Inc. (2024 NY Slip Op 04448)

Barretta v Michaels Stores, Inc.

2024 NY Slip Op 04448

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-01467
 (Index No. 702757/20)

[*1]Maria Barretta, appellant, 
v
Michaels Stores, Inc., et al., respondents.

Jay H. Tanenbaum, New York, NY (Laurence S. Warshaw of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (J. Daniel Velez of counsel), for respondent Michaels Stores, Inc.
Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Alexandra M. Monteforte], of counsel), for respondent Ciampa Tower Square, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), entered January 4, 2023. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Michaels Stores, Inc., and Ciampa Tower Square, LLC, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff allegedly was injured in January 2020, when she tripped and fell on a walkway outside a store operated by the defendant Michaels Stores, Inc., which is located in a shopping center in Queens owned by the defendant Ciampa Tower Square, LLC. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendants. Following the completion of discovery, the defendants separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. In an order entered January 4, 2023, the Supreme Court, among other things, granted those branches of the defendants' motions. The plaintiff appeals.
"In a premises liability case, a defendant ordinarily establishes its entitlement to summary judgment by showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Alvarez v Staten Is. R.T. Operating Auth., 225 AD3d 830, 830-831 [internal quotation marks omitted]; see Buckstine v Schor, 213 AD3d 730, 731). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Lucas v Genting N.Y., LLC, 227 AD3d 795, 795; see Belmonte v City of New York, 220 AD3d 727, 728; Villanueva v DJ's Intl. Buffet, Inc., 219 AD3d [*2]863, 864). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Tanriverdi v United Skates of Am., Inc., 221 AD3d 630, 630-631 [internal quotation marks omitted]; see De Rose v Anna & Rose Realty Co., LLC, 219 AD3d 700, 701; Theissen v 7-Eleven, Inc., 189 AD3d 1502, 1504).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them by submitting, inter alia, a transcript of the plaintiff's deposition testimony, which demonstrated that she was unable to identify the cause of her fall without resorting to speculation (see Lucas v Genting N.Y., LLC, 227 AD3d at 795-796; Tanriverdi v United Skates of Am., Inc., 221 AD3d at 631). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, her affidavit must be viewed as presenting a feigned factual issue designed to cure the consequences of her earlier deposition testimony (see Belmonte v City of New York, 220 AD3d at 729; Theissen v 7-Eleven, Inc., 189 AD3d at 1504). The speculative theory offered by the plaintiff's expert that the plaintiff's fall was caused by alleged violations of the Americans with Disabilities Act pertaining to the walkway's width was insufficient to raise a triable issue of fact (see Villanueva v DJ's Intl. Buffet, Inc., 219 AD3d at 865; Boris L. v AMC Entertainment Holdings, Inc., 208 AD3d 859, 860).
Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
In light of our determination, we need not address the parties' remaining contentions.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court