Randazzo v Long Is. Jewish Med. Ctr. (2025 NY Slip Op 03832)

Randazzo v Long Is. Jewish Med. Ctr.

2025 NY Slip Op 03832

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-06444
 (Index No. 708459/18)

[*1]Caterina Randazzo, appellant, 
v
Long Island Jewish Medical Center, respondent.

Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Joshua Block, Gregory Freedman, and Jillian Rosen], of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Timothy M. Gallagher and Christopher Simone of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), dated May 15, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In September 2017, the plaintiff, while accompanying her husband to a medical procedure, allegedly slipped and fell in a hallway of the lobby of the defendant, Long Island Jewish Medical Center. The plaintiff thereafter commenced this action against the defendant to recover damages for personal injuries. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint. By order dated May 15, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"In a premises liability case, a defendant ordinarily establishes its entitlement to summary judgment by showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Alvarez v Staten Is. R.T. Operating Auth., 225 AD3d 830, 830-831 [internal quotation marks omitted]; see Barretta v Michaels Stores, Inc., 230 AD3d 1208, 1209). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Lucas v Genting N.Y., LLC, 227 AD3d 795, 795; see Barretta v Michaels Stores, Inc., 230 AD3d at 1209). Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused the plaintiff to fall, any determination by the trier of fact as to causation would be based upon sheer speculation (see Barretta v Michaels Stores, Inc., 230 AD3d at 1209; Tanriverdi v United Skates of Am., Inc., 221 AD3d 630, 630-631; De Rose v Anna & Rose Realty Co., LLC, 219 AD3d 700, 701).
Here, the defendant established its prima facie entitlement to judgment as a matter [*2]of law dismissing the complaint by submitting, inter alia, the transcript of the plaintiff's deposition testimony, which demonstrated that she was unable to identify the cause of her fall without resorting to speculation (see Barretta v Michaels Stores, Inc., 230 AD3d at 1209; Lucas v Genting N.Y., LLC, 227 AD3d at 795-796). At her deposition, the plaintiff testified that she did not know what had caused her to fall. In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit that the plaintiff submitted must be viewed as presenting a feigned factual issue designed to cure the consequences of her earlier deposition testimony (see Baretta v Michaels Stores, Inc., 230 AD3d at 1209; Belmonte v City of New York, 220 AD3d 727, 729; see also Al-Mamar v Terrones, 146 AD3d 737, 739).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
The plaintiff's remaining contentions either are improperly raised for the first time on appeal, need not be considered in light of our determination, or are without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court